IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **Allison Remscheid,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) Civil Action, Case No.: _____ |
| v. | ) |
| | ) JURY DEMANDED |
| | ) |
| **Lion TotalCare, Inc.,** | ) |
|   *an Ohio Corporation.* | ) |
| | ) |
|     **Defendant.** | ) |

**VERIFIED COMPLAINT FOR VIOLATIONS OF
THE FAMILY AND MEDICAL LEAVE ACT (FMLA) AND
THE AMERICANS WITH DISABILITIES ACT (ADA)**

**COMES NOW** Plaintiff Allison Remscheid (hereinafter referred to as "Ms. Remscheid" or "Plaintiff"), by and through counsel, and for her Complaint against Defendant Lion TotalCare, Inc. (hereinafter referred to as "Lion" or "Defendant") states as follows.

**NATURE OF THE COMPLAINT**

1. Ms. Remscheid brings a cause of action under federal law, specifically the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112.

2. Ms. Remscheid brings this action against Lion TotalCare, Inc., an Ohio corporation, for the company's wrongful and discriminatory conduct, culminating in her termination, that she suffered in response to exercising her rights under the FMLA and based upon her disability in violation of the ADA.

3. Ms. Remscheid seeks back pay and front pay; liquidated damages; compensatory and/or other damages as permitted under the FMLA and ADA; and attorney's fees, costs, and expenses incurred in this action.

4. Ms. Remscheid filed a Charge of Discrimination with the EEOC on September 28, 2020 alleging disability discrimination.

5. The EEOC issued a Dismissal and Notice of Rights to Ms. Remscheid on October 8, 2020.

6. As required under ADA, Ms. Remscheid brings the disability discrimination claims in this Complant within 90 days of issuance of the EEOC's right to sue letter.

## PARTIES

7. Ms. Remscheid is a resident of Lakeland, Shelby County, Tennessee.

8. At all relevant times, Ms. Remscheid was an employee of Defendant as defined under the ADA, 42 U.S.C. § 12111(4).

9. Defendant Lion TotalCare, Inc. is an Ohio corporation and may be reached for service through its registered agent, QI Services, Inc., The Federal Reserve Building, 150 E. Fourth Street, 4th Floor, Cincinnati, OH 45202.

## JURISDICTION AND VENUE

10. This action for damages is brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq*.

11. This Court has federal question subject matter jurisdiction under 29 U.S.C. § 2615(a).

Doc ID: dfdb2ba7dd83a91ebf897b9c4d83fba5426d9562

12. Defendant is a legal entity incorporated in the State of Ohio but has a substantial presence in the Western Division of Tennessee through its business located in Memphis, Tennessee. Therefore, this Court has personal jurisdiction over Defendant.

13. Defendant does business in the Western Division of Tennessee. Furthermore, a substantial part of the events giving rise to Ms. Remscheid's claims occurred in the Western District of Tennessee. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Western District of Tennessee.

## FACTUAL BACKGROUND

14. Defendant employed Ms. Remscheid from September 12, 2016, until May 19, 2020.

15. Ms. Remscheid worked as a Shipping and Receiving Clerk, Team Lead, for Defendant.

16. On January 2020, Ms. Remscheid took around one month of FMLA leave and returned to work on February 16, 2020.

17. After returning to work, Ms. Remscheid was also approved for intermittent leave for the remainder of 2020.

18. Defendant, through Ms. Remscheid's supervisor and the company's Human Resources representative, communicated to Ms. Remscheid that all of the company's employees were eligible for FMLA and that the company had removed, as a matter of policy, the FMLA's exemptions from coverage for workplaces with fewer than 50 employees within a 75-mile radius.

19. Soon thereafter, Ms. Remscheid's manager stated that he was disgruntled with her taking unpredictable leave, notwithstanding the fact that the leave had been approved by HR and requested by her doctor based upon a bona fide disability.

20. Ms. Remscheid was repeatedly asked to redo the work of an employee who had been put in Ms. Remscheid's former position but who had not been trained properly, requiring Ms. Remscheid to do extra work to correct the many mistakes that had been made.

21. As a result, her PTSD, the condition for which she was taking leave, was triggered, thus worsening her condition.

22. This aggravation was especially acute in the first few days after returning from a period of intermittent leave.

23. Ms. Remscheid pleaded with her manager to put someone in the position with the proper training so that her condition would not be unnecessarily triggered; he refused.

24. She complained to Human Resources regarding this discriminatory conduct by her manager and the negative comments he had made regarding her need for special accommodation, but HR refused to take any action.

25. On May 19, 2020, Ms. Remscheid was terminated from her position with Lion TotalCare based upon false accusations of drug use and other unsubstantiated charges.

26. It is Ms. Remscheid's position, based upon the evidence, that she was, in fact, terminated purportedly based upon her employer's intolerance and disdain for her exercise of her rights under the FMLA and for her disability.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

27. Ms. Remscheid re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 26 as if they were set forth fully herein.

28. Upon information and belief, at all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

29. Upon information and belief, at all relevant times, Defendant has employed and/or continues to employ "employee[s]," such as Ms. Remscheid.

30. Upon information and belief, at all relevant times, Ms. Remscheid was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

31. The FMLA requires each covered employer, such as Defendant, to provide eligible employees "a total of 12 workweeks of leave during any 12-month period." 29 U.S.C. § 2612(a)(1).

32. An eligible employee, such as Ms. Remscheid, is entitled to FMLA leave if the employee has a "serious health condition that makes the employee unable to perform the functions of the position." 29 U.S.C. § 2612(a)(1).

33. The FMLA specifies that "it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" the rights granted to the employee under the FMLA. 29 U.S.C. § 2615(a)(1).

34. The FMLA further provides that "it shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2).

35. Defendant, in its communications to Ms. Remscheid, stated unequivocally that, as a matter of company policy, it extended FMLA leave to all employees, including Ms. Remscheid, notwithstanding the FMLA's exemption of workplaces with fewer than 50 employees within a 75-mile radius.

36. Defendant, under the aforementioned policy, granted Ms. Remscheid FMLA leave, including intermittent leave.

37. Ms. Remscheid relied upon Defendant's statement that it was subject to the FMLA and that its employees, including Ms. Remscheid, were eligible for FMLA leave.

38. Based upon its representations to Ms. Remscheid that it was subject to the FMLA and that its employees, including Ms. Remscheid, were eligible for FMLA leave, and its granting of FMLA leave to Ms. Remscheid, Defendant is, as a matter of law, equitably estopped from claiming exemption from the FMLA and/or claiming that Ms. Remscheid was not an eligible employee under the FMLA.

39. Ms. Remscheid was approved for intermittent leave in February 2020 for the remainder of the year.

40. Ms. Remscheid's manager, through words and actions, made it clear that he disapproved of her intermittent leave.

41. Ms. Remscheid's manager made it difficult for her to sustain her intermittent schedule by having someone fill in for her that was incapable of doing the job, leaving Ms. Remscheid to clean up the mess each time she returned from leave.

42. Ultimately, in the face of her repeated complaints about mistreatment and interference with intermittent leave, Ms. Remscheid was terminated for exercising her rights under the FMLA and is owed just compensation.

43. Ms. Remscheid sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct, and she demands such legal and equitable relief as will effectuate the purposes of the FMLA, including but not limited to, the following:

    a.    Back pay;
    b.    Front pay;
    c.    Liquidated damages;
    d.    Costs and attorney's fees;

e. Any other relief that this Court deems just and equitable.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

44. Ms. Remscheid re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 43 as if they were set forth fully herein.

45. Upon information and belief, at all relevant times, Defendant has been, and continues to be, an "employer," as defined under the ADA, 42 U.S.C. § 12111(5).

46. Upon information and belief, at all relevant times, Defendant has employed and/or continues to employ "employee[s]," such as Ms. Remscheid.

47. Upon information and belief, at all relevant times, Ms. Remscheid was an eligible "employee" as defined under the ADA, 42 U.S.C. § 12111(4).

48. The Americans with Disabilities Act (ADA) prohibits employers from taking adverse actions against employees based upon their disability.

49. The purpose of the ADA is to prohibit adverse employment actions based on disability.

50. The ADA provides, in relevant part, that "no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training and other terms and conditions of employment." 42 U.S.C. § 12112(a).

51. The ADA prohibits: 1) treating a qualified individual with a disability differently because of the disability, perceived disability, or records of a disability; 2) not making a reasonable accommodation to a known physical or mental limitation of an otherwise qualified

individual with a disability, 3) use of qualification standards or selection devices that tend to screen out individuals with disabilities.

52. Ms. Remscheid was continually harassed, belittled, treated differently from her non-disabled, similarly situated co-workers, and ultimately terminated because of her disability and her need to take occasional leave.

53. The simple accommodations required by Ms. Remscheid caused her employer no "undue hardship."

54. Consequently, Defendant violated the ADA by failing to reasonably accommodate Ms. Remscheid's disability and for terminating her based on this disability.

55. Ms. Remscheid sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct, and she demands such legal and equitable relief as will effectuate the purposes of the ADA, including but not limited to, the following:

    a. Back pay;
    b. Front pay;
    c. Compensatory damages;
    d. Punitive damages;
    e. Costs and attorney's fees;
    f. Any other relief that this Court deems just and equitable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the ADA;

2. Pre-Judgment interest, as provided by law;

3. An award of money damages for lost back pay and lost front pay, including liquidated damages, in an exact amount to be determined at trial;

    4.      Compensatory damages;

    5.      Punitive damages;

    6.      An award of money to Ms. Remscheid for costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

    7.      Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Allison Remscheid hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Dated: **December 29, 2020**

Respectfully submitted,

s/Philip Oliphant
Alan G. Crone, TN Bar No. 014285
Philip E. Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
901.737.7740 (voice)
901.474.7959 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com
*Attorneys for Plaintiff*

## **DECLARATION AND VERIFICATION**

I, Allison Remscheid, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Family and Medical Leave Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
Allison Remscheid

12 / 29 / 2020
_____
Date

Doc ID: dfdb2ba7dd83a91ebf897b9c4d83fba5426d9562



Audit Trail

| | |
|---|---|
| **TITLE** | Remscheid - Complaint to review/verify |
| **FILE NAME** | Remscheid Complaint.pdf |
| **DOCUMENT ID** | dfdb2ba7dd83a91ebf897b9c4d83fba5426d9562 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**  **12 / 29 / 2020**  Sent for signature to Allison Remscheid
14:37:34 UTC-6  (alwallace032314@gmail.com) from jlc@cronelawfirmplc.com
IP: 96.84.128.62

**VIEWED**  **12 / 29 / 2020**  Viewed by Allison Remscheid (alwallace032314@gmail.com)
14:40:43 UTC-6  IP: 75.64.45.176

**SIGNED**  **12 / 29 / 2020**  Signed by Allison Remscheid (alwallace032314@gmail.com)
14:45:37 UTC-6  IP: 75.64.45.176

**COMPLETED**  **12 / 29 / 2020**  The document has been completed.
14:45:37 UTC-6

Powered by HELLOSIGN